Argued and submitted on November 27, 2007, money award provision of dissolution judgment modified to award wife $84,837.50; otherwise affirmed April 23, 2008

In the Matter of the Marriage of

Angela Marie NELSON,
*Petitioner-Appellant,*

*and*

Jason Michael NELSON,
*Respondent-Respondent.*

Josephine County Circuit Court
04DR0523; A131724

183 P3d 1049

George W. Kelly argued the cause and filed the briefs for appellant.

Clayton C. Patrick argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Wife appeals a judgment of marital dissolution, challenging the property division provisions of the judgment. The trial court divided real and personal property that it valued at a total of $171,675, as well as several items of personal property, including a pickup truck, a trailer, and firearms, to which it did not assign a specific value. The court awarded wife $1,000 worth of personal property and an equalizing judgment of $61,707; husband received the remaining property. The court also made husband solely responsible for $18,391 in credit card debt. On appeal, wife contends that the trial court erroneously concluded that husband rebutted the presumption of equal contribution with respect to real property, in which the parties had $95,070 in equity, that was acquired during the marriage. She argues further that the court erred in failing to give her equal value in the personal property that it awarded to husband without finding its specific value. For the reasons that follow, we modify the property division.

■ We agree with wife that the trial court erred in determining that husband rebutted the presumption of equal contribution as to the real property in question. Although the mortgage payments were made using husband's earnings, the record simply does not support the conclusion that wife did not contribute equally to the acquisition of the property. *See Owens-Koenig and Koenig*, 194 Or App 573, 578, 95 P3d 1152, *modified on recons*, 195 Or App 734, 98 P3d 1143 (2004) (when one spouse "holds assets separately, and the other makes a disproportionately greater nonfinancial contribution to the marital estate through homemaking, child care, or some other form of undercompensated service * * * the presumption of equal contribution is not overcome with respect to the spouse whose contribution is at least partly indirect and nonfinancial").

■ In awarding husband the pickup truck, trailer, and firearms, the trial court did not assign specific values to those items because the record is vague as to their true worth, but it considered them in making the equalizing judgment. Given

that the trial court made husband responsible for a significant amount of credit card debt, we conclude that it is equitable to award the property to husband.

■ With respect to the remaining property, including the real property, however, we conclude that equity requires equal division. *See Kunze and Kunze*, 337 Or 122, 134, 92 P3d 100 (2004) (generally, the "just and proper" division of the marital assets is an equal division between the parties). As noted above, the total value of the remaining property was $171,675 at the time of trial. Wife's equal share of that is $85,837.50. The trial court awarded wife $1,000 worth of personal property, so she is entitled to an equalizing judgment of $84,837.50.

Money award provision of dissolution judgment modified to award wife $84,837.50; otherwise affirmed.